FILED
2022 APR 15 11:19 AM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 22-2-05510-3 SEA

IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

| | |
|---|---|
| CATHERINE O'KEEFE<br><br>Plaintiff,<br><br>v.<br><br>HOLLAND AMERICA LINE INC., a Washington Corporation, HAL MARITIME LTD., a Netherland Antilles corporation, HOLLAND AMERICA LINE N.V., a Curacao Corporation, and HAL ANTILLEN N.V., a Curacao Corporation,<br><br>Defendants. | NO.<br><br>**COMPLAINT FOR DAMAGES** |

COMES NOW the Plaintiff, Catherine O'Keefe, by and through her attorneys, and for causes of action against defendants alleges as follows:

### I.    JURISDICTION AND VENUE

1.1    This is an action by a seaman who sustained injury in the course of her duties on a voyage aboard the vessel M/S ZUIDERDAM (the "Vessel"). Subject matter jurisdiction over this seafarer's claims against defendants arises pursuant to the Jones Act, 46 U.S.C. §30104, the Federal Employer's Liability Act, 45 U.S.C. § 56, the General Maritime Law as supplemented by Washington law, and by the Savings to Suitors Clause, 28 U.S.C. § 1333.

1.2    Venue is proper in this Court pursuant to RCW 4.12.025(a) because defendants have

COMPLAINT - 1

Anderson & Mitchell, PLLC
100 S. King St., Suite 560
Seattle, WA 98104
Phone: (206) 436-8490
Fax: (206) 436-8491

their principal place of business in Seattle, Washington. Venue is also proper under the forum selection clause contained in Plaintiff's employment contract.

## II. PARTIES

2.1  Plaintiff Catherine O'Keefe is a citizen of the United Kingdom, and a permanent resident alien with her permanent residence in Pensacola, Florida. Plaintiff was employed as a seaman on the Vessel.

2.2  Defendant Holland America Line Inc. is a Washington corporation with its principal place of business in Seattle, Washington. At all material times, Holland America Line Inc. was the operator of the Vessel, and the agent of defendants Holland America Line N.V. and HAL Antillen N.V.

2.3  Defendant Hal Maritime Ltd. is a Netherlands Antilles corporation with its principal place of business in Seattle, Washington. At all material times, Hal Maritime Ltd. purported to be Ms. O'Keefe's employer.

2.4  Defendant Holland America Line N.V. is a Curacao corporation with its principal place of business in Seattle, Washington. At all material times, Holland America Line N.V. was the charterer of the Vessel.

2.5  Defendant HAL Antillen N.V. is a Curacao corporation and at all material times was the owner of the Vessel.

## III. FACTUAL BACKGROUND

3.1  On or about April 14, 2014, O'KEEFE signed a contract of employment with Defendant Hal Maritime. Upon information and belief, Hal Maritime is wholly owned, operated and staffed by Defendant Holland America Line, Inc., and/or Defendant Holland America Line, NV. All of the Defendants (hereinafter, collectively "Holland America") share the same corporate address and are involved in the operation of the Vessel.

3.2  The contract of employment purports to incorporate an arbitration agreement by

COMPLAINT - 2

reference to the "Seagoing Employment Agreement".

3.3. The arbitration provision in the Seagoing Employment Agreement then, to the extent the crew member is subject to a collective bargaining agreement and/or government mandated employment agreement, purports to incorporate the arbitration provisions contained in those documents.

3.4. Plaintiff O'KEEFE, as a three striped officer, was not a member of the union and was not subject to the collective bargaining agreement or a government mandated contract.

3.5. Without reference to a collective bargaining agreement or a government mandated contract, the purported arbitration agreement lacks essential terms such as, the number of arbitrators, how the arbitrators are to be selected and what rules will be applied to the arbitration process, making it unenforceable.

3.6. Under the borrowed servant doctrine, it was Defendants Holland America that were Plaintiff O'KEEFE's true employer.

3.7. At all times material hereto, Defendants Holland America owned, operated, managed, maintained and/or controlled the vessels *ZUIDERDAM*. The vessel was registered in a flag of convenience country.

3.8. Defendants have extended the time for filing suit. Suit is being filed within the extension granted by Defendants.

3.9. On or about April 23, 2014, Plaintiff was employed by Defendants Holland America as a seaman and was a member of the vessel's crew. The vessel was in navigable waters.

3.10. On or about the above referenced date, Plaintiff was injured while aboard the vessel as she was accompanying the Hotel Director to a shipboard meeting, she tripped and fell over a brass

COMPLAINT - 3

Anderson & Mitchell, PLLC
100 S. King St., Suite 560
Seattle, WA 98104
Phone: (206) 436-8490
Fax: (206) 436-8491

threshold plate that was protruding above the deck surface. The threshold plate was not properly maintained allowing it to become loose from the deck, which in turn allowed the edge of the threshold plate to stick up above the deck surface, creating a tripping hazard.

3.11. Plaintiff reported her injury to her superior. However, instead of providing prompt and appropriate medical care to Plaintiff, Defendant(s) required Plaintiff to continue working to the end of the voyage, which exacerbated Plaintiff's injuries.

3.12 As a result of the injuries Plaintiff O'KEEFE sustained, she had to undergo a complete/total knee replacement.

### IV. FIRST CAUSE OF ACTION - JONES ACT NEGLIGENCE

4.1 Plaintiff re-alleges the allegations in Paragraphs 1.1 through 3.12 as though set forth fully herein.

4.2 Defendants, as owners and operators of the Vessel and employer of the Plaintiff, owed Plaintiff the duty to use due care in providing Plaintiff with a workplace that was reasonably safe. Plaintiff's injuries are due to the fault and negligence of Defendants, and/or their agents, servants, and/or employees as follows:

a. Failure to use reasonable care to provide and maintain proper and adequate machinery, crew and equipment;

b. Failure to use reasonable care to provide Plaintiff a safe place to work;

c. Failure to promulgate and enforce reasonable rules and regulations to ensure the safety and health of the employees and more particularly the Plaintiff, while engaged in the course of her employment on said vessel.

d. Failure to use reasonable care to provide Plaintiff a safe place to work due to: Defendants'

COMPLAINT - 4

Anderson & Mitchell, PLLC
100 S. King St., Suite 560
Seattle, WA 98104
Phone: (206) 436-8490
Fax: (206) 436-8491

failure to inspect the threshold plates to make sure that they were securely fastened to the deck. In addition, Plaintiff was sent back to work on pain killers by the ship's doctor which made her condition worse;

 e. Failure to provide adequate instruction, and supervision to crew members;

 f. Failure to provide prompt, proper, and adequate medical care which aggravated Plaintiff's injuries and caused her additional pain and disability;

 g. Prior to Plaintiff's accident Defendants failed to investigate the hazards to Plaintiff and then take the necessary steps to eliminate the hazards, minimize the hazard or warn Plaintiff of the danger from the hazard;

 h. Defendants failed to select and utilize competent, skilled, and properly trained medical care providers with proper and adequate medical equipment with respect to the Plaintiff's medical care;

 i. Defendants failed to manage Plaintiff's medical care properly medically after Plaintiff was injured.

 4.3 Defendants breached their duty of due care by failing to provide Plaintiff a reasonably safe place of work.

 4.4 As a direct and proximate result of Defendants' breaches of duty, Plaintiff suffered permanent injury, past and future pain and suffering, lost income, incurred medical bills and other monetary damages, and will incur additional medical bills and monetary damages in the future.

 **V.** **SECOND CAUSE OF ACTION - UNSEAWORTHINESS**

 5.1 Plaintiff re-alleges the allegations in Paragraphs 1.1 through 3.12 as though set forth fully herein.

Anderson & Mitchell, PLLC
100 S. King St., Suite 560
Seattle, WA 98104
Phone: (206) 436-8490
Fax: (206) 436-8491

5.2     Defendants, as owner and operator of the Vessel, owed Plaintiff the non-delegable duty to provide a vessel seaworthy in all respects, including but not limited to its hull, engines, apparel, appurtenances, equipment, furnishings, fixtures and complement. The Vessel was unsafe and unfit due to the conditions created by Defendants as follows:

a. The Vessel was not reasonably fit for its intended purpose;

c. The Vessel's crew was not properly trained, instructed or supervised;

d. The Vessel did not have a fit crew;

e. The Vessel did not have adequate manpower for the task being performed;

f. The Vessel was not properly maintained, so as to allow the threshold plate to come loose and stick up above the deck surface, creating a tripping hazard;

g. The Vessel failed to have adequate systems in place to discover defects, such as the loose threshold plate and to correct them prior to anyone being injured.

5.3     Defendants breached their duty of care by failing to provide any and or all of these particulars or others as may be disclosed upon discovery hereafter. Defendants' breaches of duty proximately contributed to cause Plaintiff to suffer injuries for which Defendants are liable to Plaintiff in damages.

5.4     As a direct and proximate result of Defendants' breaches of duty, Plaintiff suffered permanent injury, past and future pain and suffering, lost income, incurred medical bills and other monetary damages, and will incur additional medical bills and monetary damages in the future.

VI.     **THIRD CAUSE OF ACTION - FAILURE TO PROVIDE MAINTENANCE AND CURE**

6.1.    Plaintiff re-alleges, incorporates by reference, and adopts paragraphs 1.1 through 5.4 as though they were originally alleged herein.

COMPLAINT - 6

Anderson & Mitchell, PLLC
100 S. King St., Suite 560
Seattle, WA 98104
Phone: (206) 436-8490
Fax: (206) 436-8491

6.2. On or about the previously stated date, Plaintiff while in the service of the Vessel as a crew member was injured as set forth above.

6.3. Under the General Maritime Law, Plaintiff, as a seaman, is entitled to recover maintenance and cure from Defendants, until she is declared to have reached maximum possible cure. This includes unearned wages (regular wages, overtime, vacation pay and tips), which are reasonably anticipated to the end of the contract or voyage whichever is longer.

6.4. Defendants willfully and callously delayed, failed and refused to pay Plaintiff's entire maintenance and cure so that Plaintiff has become obligated to pay the undersigned a reasonable attorney's fee. In addition, Defendants were late in paying the maintenance and cure and only paid maintenance and cure when undersigned counsel became involved.

6.5. Additionally the amounts provided by Defendants were grossly inadequate to pay for the Plaintiff's daily living expenses and the inadequacy of the payment was known to Defendants or could have easily been determined by Defendants.

6.6. Defendants are in possession of all of the Plaintiff's maintenance and cure records and without said records Plaintiff is unable to detail her claim more specifically.

6.7. Defendants have willfully, callously, and arbitrarily failed and refused to pay Plaintiff's maintenance benefits and cure benefits.

6.8. Defendants' failure to pay Plaintiff's maintenance and cure is willful, arbitrary, capricious, and in callous disregard for Plaintiff's rights as a seaman. As such, Plaintiff would be entitled to attorney's fees under the General Maritime Law of the United States. Further Defendants unreasonably failed to pay or provide Plaintiff with maintenance and cure which aggravated her condition and caused Plaintiff to suffer additional compensatory damages including but not limited

COMPLAINT - 7

Anderson & Mitchell, PLLC
100 S. King St., Suite 560
Seattle, WA 98104
Phone: (206) 436-8490
Fax: (206) 436-8491

to the aggravation of Plaintiff's physical condition, disability, pain and suffering, reasonable fear of developing future physical and medical problems, mental anguish, loss of enjoyment of life, feelings of economic insecurity as well as lost earnings or earning capacity, and medical and hospital expenses in the past and into the future.

### VII.   FOURTH CAUSE OF ACTION - FAILURE TO TREAT

7.1.   Plaintiff re-alleges, incorporates by reference and adopts paragraphs 1.1 through 6.8 as though originally alleged herein.

7.2.   On or about the previously stated date, Plaintiff was employed by Defendants as a seaman and was a member of the Vessel's crew. The Vessel was in navigable waters.

7.3.   It was the duty of Defendants to provide Plaintiff with prompt, proper and adequate medical care.

7.4.   Defendants, through the ship's physicians and nurses, negligently failed to promptly provide Plaintiff with prompt, proper, adequate, and complete medical care. This conduct includes, but is not limited to:

a. Defendants not giving Plaintiff medical care in a timely manner after her initial injury; and/or

b. Defendants sending Plaintiff back to work on pain killers after she became injured which aggravated her injuries and made them worse; and/or,

c. Defendants delay in treating Plaintiff.

7.5.   As a direct and proximate result of Defendants' failure, Plaintiff suffered additional pain, disability and/or Plaintiff's recovery was prolonged. In addition, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, reasonable

Anderson & Mitchell, PLLC
100 S. King St., Suite 560
Seattle, WA 98104
Phone: (206) 436-8490
Fax: (206) 436-8491

fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, possible aggravation of any previously existing conditions therefrom, incurred additional medical expenses in the care and treatment of plaintiff's injuries, suffered physical handicap, lost wages, income lost in the past, and Plaintiff's working ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.

7.6. This Count is alleged separately from Jones Act Negligence pursuant to *Joyce v. Atlantic Richfield Company*, 651 F.2d 676 (10th Cir. 1981) which states, in part, "Negligent failure to provide prompt medical attention to a seriously injured seaman gives rise to a separate claim for relief [for which separate damages are awardable]."

## PRAYER FOR RELIEF

Plaintiff requests that judgment be entered against Defendants as follows:

a. Awarding Plaintiff damages in an amount to be established at the time of trial;

b. Awarding Plaintiff actual and reasonable attorney's fees, litigation expenses, and costs incurred in this action to the extent provided by any applicable law, including pre-judgment interest;

c. Awarding Plaintiff punitive damages and actual and reasonable attorney's fees for Defendants' failure to provide maintenance and cure; and

d. Awarding Plaintiff any additional or further relief which the court finds appropriate, equitable or just.

DATED this 14th day of April, 2022.

Anderson & Mitchell, PLLC
100 S. King St., Suite 560
Seattle, WA 98104
Phone: (206) 436-8490
Fax: (206) 436-8491

ANDERSON & MITCHELL, pllc

By _/s/ Wayne Mitchell/_
Wayne Mitchell WSBA # 24347
Attorney for Plaintiffs

COMPLAINT - 10

Anderson & Mitchell, PLLC
100 S. King St., Suite 560
Seattle, WA 98104
Phone: (206) 436-8490
Fax: (206) 436-8491

# KING COUNTY SUPERIOR COURT
## CASE ASSIGNMENT AREA DESIGNATION and CASE INFORMATION COVER SHEET
### (CICS)

Pursuant to King County Code 4A.630.060, a faulty document fee of $15 may be assessed to new case filings missing this sheet.

**CASE NUMBER:** _____
(Provided by the Clerk)

**CASE CAPTION: O'Keefe v. Holland America Line, Inc,. et al.**
(New case: Print name of person starting case **vs.** name of person or agency you are filing against.)
(When filing into an existing family law case, the case caption remains the same as the original filing.)

Please mark one of the boxes below:

☒ **Seattle Area**, defined as:

> All of King County north of Interstate 90 and including all of the Interstate 90 right-of-way; all the cities of Seattle, Mercer Island, Bellevue, Issaquah and North Bend; and all of Vashon and Maury Islands.

☐ **Kent Area**, defined as:

> All of King County south of Interstate 90 except those areas included in the Seattle Case Assignment Area.

I certify that this case meets the case assignment criteria, described in King County LCR 82(e).

_/s/ Wayne Mitchell_  24347       April 15, 2022
Signature of Attorney    WSBA Number    Date

or

_____    _____
Signature of person who is starting case    Date

_____
Address, City, State, Zip Code of person who is starting case if not represented by attorney

# KING COUNTY SUPERIOR COURT
## CASE ASSIGNMENT AREA DESIGNATION and CASE INFORMATION COVER SHEET

# CIVIL

Please check the category that best describes this case.

**APPEAL/REVIEW**

☐ Administrative Law Review (ALR 2)

(Petition to the Superior Court for review of rulings made by state administrative agencies.( e.g. DSHS Child Support, Good to Go passes, denial of benefits from Employment Security, DSHS)

☐ Board of Industrial Insurance Appeals – Workers Comp (ALRLI 2)*

(Petition to the Superior Court for review of rulings made by Labor & Industries.)

☐ DOL Revocation (DOL 2)*

(Appeal of a DOL revocation Implied consent-Test refusal ONLY.) RCW 46.20.308(9)

☐ Subdivision Election Process Review (SER 2)*

(Intent to challenge election process)

☐ Voter Election Process Law Review (VEP 2)*

(Complaint for violation of voting rights act)

☐ Petition to Appeal/Amend Ballot Title (BAT 2)

**CONTRACT/COMMERCIAL**

☐ Breach of Contract (COM 2)*

(Complaint involving money dispute where a breach of contract is involved.)

☐ Commercial Contract (COM 2)*

(Complaint involving money dispute where a contract is involved.)

☐ Commercial Non-Contract (COL 2)*

(Complaint involving money dispute where no contract is involved.)

☐ Third Party Collection (COL 2)*

(Complaint involving a third party over a money dispute where no contract is involved.)

**JUDGMENT**

☐ Abstract, Judgment, Another County (ABJ 2)

(A certified copy of a judgment docket from another Superior Court within the state.)

☐ Confession of Judgment (CFJ 2)*

(The entry of a judgment when a defendant admits liability and accepts the amount of agreed-upon damages but does not pay or perform as agreed upon.)

☐ Foreign Judgment (from another State or Country) (FJU 2)

(Any judgment, decree, or order of a court of the United States, or of any state or territory, which is entitled to full faith and credit in this state.)

☐ Tax Warrant or Warrant (TAX 2)

(A notice of assessment by a state agency or self-insured company creating a judgment/lien in the county in which it is filed.)

☐ Transcript of Judgment (TRJ 2)

(A certified copy of a judgment from a court of limited jurisdiction (e.g. District or Municipal court) to a Superior Court.)

**PROPERTY RIGHTS**

☐ Condemnation/Eminent Domain (CON 2)*

(Complaint involving governmental taking of private property with payment, but not necessarily with consent.)

- ☐ **Foreclosure (FOR 2)***

  (Complaint involving termination of ownership rights when a mortgage or tax foreclosure is involved, where ownership is not in question.)

- ☐ **Land Use Petition (LUP 2)***

  (Petition for an expedited judicial review of a land use decision made by a local jurisdiction.) RCW 36.70C.040

- ☐ **Property Fairness Act (PFA 2)***

  (Complaint involving the regulation of private property or restraint of land use by a government entity brought forth by Title 64.)

- ☐ **Quiet Title (QTI 2)***

  (Complaint involving the ownership, use, or disposition of land or real estate other than foreclosure.)

- ☐ **Residential Unlawful Detainer (Eviction) (UND 2)**

  (Complaint involving the unjustifiable retention of lands or attachments to land, including water and mineral rights.)

- ☐ **Non-Residential Unlawful Detainer (Eviction) (UND 2)**

  (Commercial property eviction.)

**OTHER COMPLAINT/PETITION**

- ☐ **Action to Compel/Confirm Private Binding Arbitration (CAA 2)**

  (Petition to force or confirm private binding arbitration.)

- ☐ **Assurance of Discontinuance (AOD 2)**

  (Filed by Attorney General's Office to prevent businesses from engaging in improper or misleading practices.)

- ☐ **Birth Certificate Change(PBC 2)**

  (Petition to amend birth certificate)

- ☐ **Bond Justification (PBJ 2)**

  (Bail bond company desiring to transact surety bail bonds in King County facilities.)

- ☐ **Change of Name (CHN 5)**

  (Petition for name change, when domestic violence/anti-harassment issues require confidentiality.)

- ☐ **Certificate of Rehabilitation (CRR 2)**

  (Petition to restore civil and political rights.)

- ☐ **Certificate of Restoration Opportunity(CRP 2)**

  (Establishes eligibility requirements for certain professional licenses)

- ☐ **Civil Commitment (sexual predator) (PCC 2)**

  (Petition to detain an individual involuntarily.)

- ☐ **Notice of Deposit of Surplus Funds (DSF 2)**

  (Deposit of extra money from a foreclosure after payment of expenses from sale and obligation secured by the deed of trust.)

- ☐ **Emancipation of Minor (EOM 2)**

  (Petition by a minor for a declaration of emancipation.)

- ☐ **Foreign Subpoena (OSS 2)**

  (To subpoena a King County resident or entity for an out of state case.)

- ☐ **Foreign Protection Order (FPO 2)**

  (Registering out of state protection order)

- ☐ **Frivolous Claim of Lien (FVL 2)**

  (Petition or Motion requesting a determination that a lien against a mechanic or materialman is excessive or unwarranted.)

- ☐ **Application for Health & Safety Inspection (HSI 2)**

Page 3 of 5

☐ Injunction (INJ 2)*

(Complaint/petition to require a person to do or refrain from doing a particular thing.)

☐ Interpleader (IPL 2)

(Petition for the deposit of disputed earnest money from real estate, insurance proceeds, and/or other transaction(s).)

☐ Malicious Harassment (MHA 2)*

(Suit involving damages resulting from malicious harassment.) RCW 9a.36.080

☐ Non-Judicial Filing (NJF 2)

(See probate section for TEDRA agreements. To file for the record document(s) unrelated to any other proceeding and where there will be no judicial review.)

☐ Other Complaint/Petition (MSC 2)*

(Filing a Complaint/Petition for a cause of action not listed)

☐ Minor Work Permit (MWP 2)

(Petition for a child under 14 years of age to be employed)

☐ Perpetuation of Testimony (PPT 2)

(Action filed under CR 27)

☐ Petition to Remove Restricted Covenant (RRC 2)
Declaratory judgment action to strike discriminatory provision of real property contract.

☐ Public records Act (PRA 2)*

(Action filed under RCW 42.56)

☐ Receivership (RCV 2)

(The process of appointment by a court of a receiver to take custody of the property, business, rents and profits of a party to a lawsuit pending a final decision on disbursement or an agreement.)

☐ Relief from Duty to Register (RDR 2)

(Petition seeking to stop the requirement to register.)

☐ Restoration of Firearm Rights (RFR 2)

(Petition seeking restoration of firearms rights under RCW 9.41.040 and 9.41.047.)

☐ School District-Required Action Plan (SDR 2)

(Petition filed requesting court selection of a required action plan proposal relating to school academic performance.)

☐ Seizure of Property from the Commission of a Crime-Seattle (SPC 2)*

(Seizure of personal property which was employed in aiding, abetting, or commission of a crime, from a defendant after conviction.)

☐ Seizure of Property Resulting from a Crime- Seattle (SPR 2)*

(Seizure of tangible or intangible property which is the direct or indirect result of a crime, from a defendant following criminal conviction. (e.g., remuneration for, or contract interest in, a depiction or account of a crime.))

☐ Structured Settlements- Seattle (TSS 2)*

(A financial or insurance arrangement whereby a claimant agrees to resolve a personal injury tort claim by receiving periodic payments on an agreed schedule rather than as a lump sum.)

☐ Vehicle Ownership (PVO 2)*

(Petition to request a judgment awarding ownership of a vehicle.)

**TORT, ASBESTOS**
☐ Personal Injury (ASP 2)*

(Complaint alleging injury resulting from asbestos exposure.)

Page 4 of 5

| | | | |
|---|---|---|---|
| ☐ | Wrongful Death (ASW 2)* | ☒ | Personal Injury (PIN 2)* |
| | (Complaint alleging death resulting from asbestos exposure.) | | (Complaint involving physical injury not resulting from professional medical treatment, and where a motor vehicle is not involved.) |

**TORT, MEDICAL MALPRACTICE**

☐ Hospital (MED 2)*

(Complaint involving injury or death resulting from a hospital.)

☐ Products Liability (TTO 2)*

(Complaint involving injury resulting from a commercial product.)

☐ Medical Doctor (MED 2)*

(Complaint involving injury or death resulting from a medical doctor.)

☐ Property Damages (PRP 2)*

(Complaint involving damage to real or personal property excluding motor vehicles.)

☐ Other Health care Professional (MED 2)*

(Complaint involving injury or death resulting from a health care professional other than a medical doctor.)

☐ Property Damages-Gang (PRG 2)*

(Complaint to recover damages to property related to gang activity.)

**TORT, MOTOR VEHICLE**

☐ Death (TMV 2)*

(Complaint involving death resulting from an incident involving a motor vehicle.)

☐ Tort, Other (TTO 2)*

(Any other petition not specified by other codes.)

☐ Non-Death Injuries (TMV 2)*

(Complaint involving non-death injuries resulting from an incident involving a motor vehicle.)

☐ Wrongful Death (WDE 2)*

(Complaint involving death resulting from other than professional medical treatment.)

**WRIT**

☐ Habeas Corpus (WHC 2)

(Petition for a writ to bring a party before the court.)

☐ Property Damages Only (TMV 2)*

(Complaint involving only property damages resulting from an incident involving a motor vehicle.)

☐ Mandamus (WRM 2)**

(Petition for writ commanding performance of a particular act or duty.)

☐ Victims Vehicle Theft (VVT 2)*

(Complaint filed by a victim of car theft to recover damages.) RCW 9A.56.078

☐ Review (WRV 2)**

(Petition for review of the record or decision of a case pending in the lower court; does not include lower court appeals or administrative law reviews.)

**TORT, NON-MOTOR VEHICLE**

☐ Other Malpractice (MAL 2)*

(Complaint involving injury resulting from other than professional medical treatment.)

*The filing party will be given an appropriate case schedule at time of filing.
** Case schedule will be issued after hearing and findings.

Page 5 of 5

Civil-CICS   Revised 10/2021