# FILED

2022 JUL 25
KING COUNTY
SUPERIOR COURT CLERK

CASE #: 22-2-05510-3 SEA

IN THE SUPERIOR COURT, IN AND FOR THE COUNTY OF KING, STATE OF WASHINGTON

| | |
|---|---|
| **CATHERINE O'KEEFE** <br> Plaintiff/Petitioner <br> vs. <br> **Holland America Line Inc. A WASHINGTON CORPORATION; ET AL.** <br> Defendant/Respondent | Cause No.:   **22-2-05510-3 SEA** <br> Hearing Date: <br><br> DECLARATION OF SERVICE OF <br> **SUMMONS; COMPLAINT; ORDER SETTING CIVIL CASE SCHEDULE** |

The undersigned hereby declares: That s(he) is now and at all times herein mentioned was a citizen of the United States, a resident of Washington, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, and is competent to be a witness

On the **20th day of July, 2022** at **1:33 PM** at the address of **711 Capitol Way South STE 204, Olympia, Thurston County, WA 98501**; this declarant served the above described documents upon **HAL Antillen NV c/o CT Corporation System, REGISTERED AGENT** by then and there personally delivering **1** true and correct copy(ies) thereof, by then presenting to and leaving the same with **CT Corporation System, REGISTERED AGENT, I delivered the documents to CT Corporation System, REGISTERED AGENT with identity confirmed by physical description. The individual accepted service with direct delivery. The individual appeared to be a brown-haired white male contact 35-45 years of age, 6'0" -6'2" tall and weighing 200-240 lbs with a beard.  Jeff Miner.**
No information was provided or discovered that indicates that the subjects served are members of the United States military.

Service Fee Total: **$83.50**

Declarant hereby states under penalty of perjury under the laws of the State of Washington that the statement above is true and correct.

Date:   07/20/2022



**Kevin Nakai, Reg. # 17-02, Lewis County, WA**

**ORIGINAL PROOF OF SERVICE**
PAGE 1 OF 1

For: **Mitchell, Wayne PS**
Ref #: **O'Keefe**

Tracking #: **0089989546**



FILED
2022 APR 15 11:19 AM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 22-2-05510-3 SEA

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**FOR THE COUNTY OF KING**

| | |
|---|---|
| O'Keefe | No. 22-2-05510-3  SEA |
| vs | **CASE INFORMATION COVER SHEET AND AREA DESIGNATION** |
| Holland America Line, Inc. | (CICS) |

**CAUSE OF ACTION**

PIN  - Personal Injury

**AREA OF DESIGNATION**

SEA        Defined as all King County north of Interstate 90 and including all of Interstate 90
right of way, all of the cities of Seattle, Mercer Island, Issaquah, and North Bend, and
all of Vashon and Maury Islands.

FILED
2022 APR 15 11:19 AM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 22-2-05510-3 SEA

IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

| | |
|---|---|
| CATHERINE O'KEEFE | **NO.** |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | |
| HOLLAND AMERICA LINE INC., a Washington Corporation, HAL MARITIME LTD., a Netherland Antilles corporation, HOLLAND AMERICA LINE N.V., a Curacao Corporation, and HAL ANTILLEN N.V., a Curacao Corporation, | |
| Defendants. | |

COMES NOW the Plaintiff, Catherine O'Keefe, by and through her attorneys, and for causes of action against defendants alleges as follows:

## I.    JURISDICTION AND VENUE

1.1    This is an action by a seaman who sustained injury in the course of her duties on a voyage aboard the vessel M/S ZUIDERDAM (the "Vessel"). Subject matter jurisdiction over this seafarer's claims against defendants arises pursuant to the Jones Act, 46 U.S.C. §30104, the Federal Employer's Liability Act, 45 U.S.C. § 56, the General Maritime Law as supplemented by Washington law, and by the Savings to Suitors Clause, 28 U.S.C. § 1333.

1.2    Venue is proper in this Court pursuant to RCW 4.12.025(a) because defendants have

COMPLAINT - 1

Anderson & Mitchell, PLLC
100 S. King St., Suite 560
Seattle, WA 98104
Phone: (206) 436-8490
Fax: (206) 436-8491

their principal place of business in Seattle, Washington.  Venue is also proper under the forum selection clause contained in Plaintiff's employment contract.

## II.    PARTIES

2.1    Plaintiff Catherine O'Keefe is a citizen of the United Kingdom, and a permanent resident alien with her permanent residence in Pensacola, Florida.  Plaintiff was employed as a seaman on the Vessel.

2.2    Defendant Holland America Line Inc. is a Washington corporation with its principal place of business in Seattle, Washington.  At all material times, Holland America Line Inc. was the operator of the Vessel, and the agent of defendants Holland America Line N.V. and HAL Antillen N.V.

2.3    Defendant Hal Maritime Ltd. is a Netherlands Antilles corporation with its principal place of business in Seattle, Washington.  At all material times, Hal Maritime Ltd. purported to be Ms. O'Keefe's employer.

2.4    Defendant Holland America Line N.V. is a Curacao corporation with its principal place of business in Seattle, Washington.  At all material times, Holland America Line N.V. was the charterer of the Vessel.

2.5    Defendant HAL Antillen N.V. is a Curacao corporation and at all material times was the owner of the Vessel.

## III.    FACTUAL BACKGROUND

3.1    On or about April 14, 2014, O'KEEFE signed a contract of employment with Defendant Hal Maritime.  Upon information and belief, Hal Maritime is wholly owned, operated and staffed by Defendant Holland America Line, Inc., and/or Defendant Holland America Line, NV. All of the Defendants (hereinafter, collectively "Holland America") share the same corporate address and are involved in the operation of the Vessel.

3.2    The contract of employment purports to incorporate an arbitration agreement by

COMPLAINT - 2

Anderson & Mitchell, PLLC
100 S. King St., Suite 560
Seattle, WA 98104
Phone: (206) 436-8490
Fax: (206) 436-8491

reference to the "Seagoing Employment Agreement".

3.3.    The arbitration provision in the Seagoing Employment Agreement then, to the extent the crew member is subject to a collective bargaining agreement and/or government mandated employment agreement, purports to incorporate the arbitration provisions contained in those documents.

3.4.    Plaintiff O'KEEFE, as a three striped officer, was not a member of the union and was not subject to the collective bargaining agreement or a government mandated contract.

3.5.    Without reference to a collective bargaining agreement or a government mandated contract, the purported arbitration agreement lacks essential terms such as, the number of arbitrators, how the arbitrators are to be selected and what rules will be applied to the arbitration process, making it unenforceable.

3.6.    Under the borrowed servant doctrine, it was Defendants Holland America that were Plaintiff O'KEEFE's true employer.

3.7.    At all times material hereto, Defendants Holland America owned, operated, managed, maintained and/or controlled the vessels *ZUIDERDAM*. The vessel was registered in a flag of convenience country.

3.8.    Defendants have extended the time for filing suit.  Suit is being filed within the extension granted by Defendants.

3.9.    On or about April 23, 2014, Plaintiff was employed by Defendants Holland America as a seaman and was a member of the vessel's crew. The vessel was in navigable waters.

3.10.    On or about the above referenced date, Plaintiff was injured while aboard the vessel as she was accompanying the Hotel Director to a shipboard meeting, she tripped and fell over a brass

COMPLAINT - 3

threshold plate that was protruding above the deck surface.  The threshold plate was not properly maintained allowing it to become loose from the deck, which in turn allowed the edge of the threshold plate to stick up above the deck surface, creating a tripping hazard.

3.11.   Plaintiff reported her injury to her superior.  However, instead of providing prompt and appropriate medical care to Plaintiff, Defendant(s) required Plaintiff to continue working to the end of the voyage, which exacerbated Plaintiff's injuries.

3.12   As a result of the injuries Plaintiff O'KEEFE sustained, she had to undergo a complete/total knee replacement.

## IV.   FIRST CAUSE OF ACTION - JONES ACT NEGLIGENCE

4.1   Plaintiff re-alleges the allegations in Paragraphs 1.1 through 3.12 as though set forth fully herein.

4.2   Defendants, as owners and operators of the Vessel and employer of the Plaintiff, owed Plaintiff the duty to use  due care in providing Plaintiff with a workplace that was reasonably safe.  Plaintiff's injuries are due to the fault and negligence of Defendants, and/or their agents, servants, and/or employees as follows:

a. Failure to use reasonable care to provide and maintain proper and adequate machinery, crew and equipment;

b. Failure to use reasonable care to provide Plaintiff a safe place to work;

c. Failure to promulgate and enforce reasonable rules and regulations to ensure the safety and health of the employees and more particularly the Plaintiff, while engaged in the course of her employment on said vessel.

d. Failure to use reasonable care to provide Plaintiff a safe place to work due to: Defendants'

COMPLAINT - 4

failure to inspect the threshold plates to make sure that they were securely fastened to the deck.   In addition, Plaintiff was sent back to work on pain killers by the ship's doctor which made her condition worse;

e. Failure to provide adequate instruction, and supervision to crew members;

f. Failure to provide prompt, proper, and adequate medical care which aggravated Plaintiff's injuries and caused her additional pain and disability;

g. Prior to Plaintiff's accident Defendants failed to investigate the hazards to Plaintiff and then take the necessary steps to eliminate the hazards, minimize the hazard or warn Plaintiff of the danger from the hazard;

h. Defendants failed to select and utilize competent, skilled, and properly trained medical care providers with proper and adequate medical equipment with respect to the Plaintiff's medical care;

i. Defendants failed to manage Plaintiff's medical care properly medically after Plaintiff was injured.

4.3    Defendants breached their duty of due care by failing to provide Plaintiff a reasonably safe place of work.

4.4    As a direct and proximate result of Defendants' breaches of duty, Plaintiff suffered permanent injury, past and future pain and suffering, lost income, incurred medical bills and other monetary damages, and will incur additional medical bills and monetary damages in the future.

## V.    SECOND CAUSE OF ACTION - UNSEAWORTHINESS

5.1    Plaintiff re-alleges the allegations in Paragraphs 1.1 through 3.12 as though set forth fully herein.

COMPLAINT - 5

5.2      Defendants, as owner and operator of the Vessel, owed Plaintiff the non-delegable duty to provide a vessel seaworthy in all respects, including but not limited to its hull, engines, apparel, appurtenances, equipment, furnishings, fixtures and complement. The Vessel was unsafe and unfit due to the conditions created by Defendants as follows:

a. The Vessel was not reasonably fit for its intended purpose;

c. The Vessel's crew was not properly trained, instructed or supervised;

d. The Vessel did not have a fit crew;

e. The Vessel did not have adequate manpower for the task being performed;

f. The Vessel was not properly maintained, so as to allow the threshold plate to come loose and stick up above the deck surface, creating a tripping hazard;

g. The Vessel failed to have adequate systems in place to discover defects, such as the loose threshold plate and to correct them prior to anyone being injured.

5.3      Defendants breached their duty of care by failing to provide any and or all of these particulars or others as may be disclosed upon discovery hereafter.  Defendants' breaches of duty proximately contributed to cause Plaintiff to suffer injuries for which Defendants are liable to Plaintiff in damages.

5.4      As a direct and proximate result of Defendants' breaches of duty, Plaintiff suffered permanent injury, past and future pain and suffering, lost income, incurred medical bills and other monetary damages, and will incur additional medical bills and monetary damages in the future.

## VI.      THIRD CAUSE OF ACTION - FAILURE TO PROVIDE MAINTENANCE AND CURE

6.1.      Plaintiff re-alleges, incorporates by reference, and adopts paragraphs 1.1 through 5.4 as though they were originally alleged herein.

COMPLAINT - 6

6.2.    On or about the previously stated date, Plaintiff while in the service of the Vessel as a crew member was injured as set forth above.

6.3.    Under the General Maritime Law, Plaintiff, as a seaman, is entitled to recover maintenance and cure from Defendants, until she is declared to have reached maximum possible cure. This includes unearned wages (regular wages, overtime, vacation pay and tips), which are reasonably anticipated to the end of the contract or voyage whichever is longer.

6.4.    Defendants willfully and callously delayed, failed and refused to pay Plaintiff's entire maintenance and cure so that Plaintiff has become obligated to pay the undersigned a reasonable attorney's fee. In addition, Defendants were late in paying the maintenance and cure and only paid maintenance and cure when undersigned counsel became involved.

6.5.    Additionally the amounts provided by Defendants were grossly inadequate to pay for the Plaintiff's daily living expenses and the inadequacy of the payment was known to Defendants or could have easily been determined by Defendants.

6.6.    Defendants are in possession of all of the Plaintiff's maintenance and cure records and without said records Plaintiff is unable to detail her claim more specifically.

6.7.    Defendants have willfully, callously, and arbitrarily failed and refused to pay Plaintiff's maintenance benefits and cure benefits.

6.8.    Defendants' failure to pay Plaintiff's maintenance and cure is willful, arbitrary, capricious, and in callous disregard for Plaintiff's rights as a seaman. As such, Plaintiff would be entitled to attorney's fees under the General Maritime Law of the United States. Further Defendants unreasonably failed to pay or provide Plaintiff with maintenance and cure which aggravated her condition and caused Plaintiff to suffer additional compensatory damages including but not limited

Anderson & Mitchell, PLLC
100 S. King St., Suite 560
Seattle, WA 98104
Phone: (206) 436-8490
Fax: (206) 436-8491

to the aggravation of Plaintiff's physical condition, disability, pain and suffering, reasonable fear of developing future physical and medical problems, mental anguish, loss of enjoyment of life, feelings of economic insecurity as well as lost earnings or earning capacity, and medical and hospital expenses in the past and into the future.

## VII.    FOURTH CAUSE OF ACTION - FAILURE TO TREAT

7.1.    Plaintiff re-alleges, incorporates by reference and adopts paragraphs 1.1 through 6.8 as though originally alleged herein.

7.2.    On or about the previously stated date, Plaintiff was employed by Defendants as a seaman and was a member of the Vessel's crew. The Vessel was in navigable waters.

7.3.    It was the duty of Defendants to provide Plaintiff with prompt, proper and adequate medical care.

7.4.    Defendants, through the ship's physicians and nurses, negligently failed to promptly provide Plaintiff with prompt, proper, adequate, and complete medical care. This conduct includes, but is not limited to:

a. Defendants not giving Plaintiff medical care in a timely manner after her initial injury; and/or

b. Defendants sending Plaintiff back to work on pain killers after she became injured which aggravated her injuries and made them worse; and/or,

c. Defendants delay in treating Plaintiff.

7.5.    As a direct and proximate result of Defendants' failure, Plaintiff suffered additional pain, disability and/or Plaintiff's recovery was prolonged.  In addition, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, reasonable

COMPLAINT - 8

fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, possible aggravation of any previously existing conditions therefrom, incurred additional medical expenses in the care and treatment of plaintiff's injuries, suffered physical handicap, lost wages, income lost in the past, and Plaintiff's working ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.

7.6.    This Count is alleged separately from Jones Act Negligence pursuant to *Joyce v. Atlantic Richfield Company*, 651 F.2d 676 (10th Cir. 1981) which states, in part, "Negligent failure to provide prompt medical attention to a seriously injured seaman gives rise to a separate claim for relief [for which separate damages are awardable]."

**PRAYER FOR RELIEF**

Plaintiff requests that judgment be entered against Defendants as follows:

a.    Awarding Plaintiff damages in an amount to be established at the time of trial;

b.    Awarding Plaintiff actual and reasonable attorney's fees, litigation expenses, and costs incurred in this action to the extent provided by any applicable law, including pre-judgment interest;

c.    Awarding Plaintiff punitive damages and actual and reasonable attorney's fees for Defendants' failure to provide maintenance and cure; and

d.    Awarding Plaintiff any additional or further relief which the court finds appropriate, equitable or just.

DATED this 14th day of April , 2022.

COMPLAINT - 9

**Anderson & Mitchell, PLLC**
100 S. King St., Suite 560
Seattle, WA 98104
Phone: (206) 436-8490
Fax: (206) 436-8491

1

2                                        ANDERSON & MITCHELL, pllc

3                                        By

4                                        Wayne Mitchell WSBA # 24347
                                         Attorney for Plaintiffs
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

COMPLAINT - 10

# KING COUNTY SUPERIOR COURT
## CASE ASSIGNMENT AREA DESIGNATION and CASE INFORMATION COVER SHEET
## (CICS)

Pursuant to King County Code 4A.630.060, a faulty document fee of $15 may be assessed to new case filings missing this sheet.

**CASE NUMBER:** _____

(Provided by the Clerk)

**CASE CAPTION: O'Keefe v. Holland America Line, Inc,. et al.** _____

(New case: Print name of person starting case **vs.** name of person or agency you are filing against.)
(When filing into an existing family law case, the case caption remains the same as the original filing.)

Please mark one of the boxes below:

☒ **Seattle Area**, defined as:

All of King County north of Interstate 90 and including all of the Interstate 90 right-of-way; all the cities of Seattle, Mercer Island, Bellevue, Issaquah and North Bend; and all of Vashon and Maury Islands.

☐ **Kent Area,** defined as:

All of King County south of Interstate 90 except those areas included in the Seattle Case Assignment Area.

I certify that this case meets the case assignment criteria, described in King County LCR 82(e).

_Wayne Mitchell_ _24347_      April 15, 2022

Signature of Attorney     WSBA Number      Date

or

_____     _____

Signature of person who is starting case      Date

_____

Address, City, State, Zip Code of person who is starting case if not represented by attorney

**KING COUNTY SUPERIOR COURT**
**CASE ASSIGNMENT AREA DESIGNATION and CASE INFORMATION COVER SHEET**

# CIVIL
Please check the category that best describes this case.

**APPEAL/REVIEW**

☐ Administrative Law Review (ALR 2)

(Petition to the Superior Court for review of rulings made by state administrative agencies.( e.g. DSHS Child Support, Good to Go passes, denial of benefits from Employment Security, DSHS)

☐ Board of Industrial Insurance Appeals – Workers Comp (ALRLI 2)*

(Petition to the Superior Court for review of rulings made by Labor & Industries.)

☐ DOL Revocation (DOL 2)*

(Appeal of a DOL revocation Implied consent-Test refusal ONLY.) RCW 46.20.308(9)

☐ Subdivision Election Process Review (SER 2)*
(Intent to challenge election process)

☐ Voter Election Process Law Review (VEP 2)*
(Complaint for violation of voting rights act)

☐ Petition to Appeal/Amend Ballot Title (BAT 2)

**CONTRACT/COMMERCIAL**

☐ Breach of Contract (COM 2)*

(Complaint involving money dispute where a breach of contract is involved.)

☐ Commercial Contract (COM 2)*

(Complaint involving money dispute where a contract is involved.)

☐ Commercial Non-Contract (COL 2)*

(Complaint involving money dispute where no contract is involved.)

☐ Third Party Collection (COL 2)*

(Complaint involving a third party over a money dispute where no contract is involved.)

**JUDGMENT**

☐ Abstract, Judgment, Another County (ABJ 2)

(A certified copy of a judgment docket from another Superior Court within the state.)

☐ Confession of Judgment (CFJ 2)*

(The entry of a judgment when a defendant admits liability and accepts the amount of agreed-upon damages but does not pay or perform as agreed upon.)

☐ Foreign Judgment (from another State or Country) (FJU 2)

(Any judgment, decree, or order of a court of the United States, or of any state or territory, which is entitled to full faith and credit in this state.)

☐ Tax Warrant or Warrant (TAX 2)

(A notice of assessment by a state agency or self-insured company creating a judgment/lien in the county in which it is filed.)

☐ Transcript of Judgment (TRJ 2)

(A certified copy of a judgment from a court of limited jurisdiction (e.g. District or Municipal court) to a Superior Court.)

**PROPERTY RIGHTS**

☐ Condemnation/Eminent Domain (CON 2)*

(Complaint involving governmental taking of private property with payment, but not necessarily with consent.)

**Page 2 of 5**

☐ **Foreclosure (FOR 2)\***

(Complaint involving termination of ownership rights when a mortgage or tax foreclosure is involved, where ownership is not in question.)

☐ **Land Use Petition (LUP 2)\***

(Petition for an expedited judicial review of a land use decision made by a local jurisdiction.) RCW 36.70C.040

☐ **Property Fairness Act (PFA 2)\***

(Complaint involving the regulation of private property or restraint of land use by a government entity brought forth by Title 64.)

☐ **Quiet Title (QTI 2)\***

(Complaint involving the ownership, use, or disposition of land or real estate other than foreclosure.)

☐ **Residential Unlawful Detainer (Eviction) (UND 2)**

(Complaint involving the unjustifiable retention of lands or attachments to land, including water and mineral rights.)

☐ **Non-Residential Unlawful Detainer (Eviction) (UND 2)**

(Commercial property eviction.)

**OTHER COMPLAINT/PETITION**
☐ **Action to Compel/Confirm Private Binding Arbitration (CAA 2)**

(Petition to force or confirm private binding arbitration.)

☐ **Assurance of Discontinuance (AOD 2)**

(Filed by Attorney General's Office to prevent businesses from engaging in improper or misleading practices.)

☐ **Birth Certificate Change(PBC 2)**

(Petition to amend birth certificate)

☐ **Bond Justification (PBJ 2)**

(Bail bond company desiring to transact surety bail bonds in King County facilities.)

☐ **Change of Name (CHN 5)**

(Petition for name change, when domestic violence/anti-harassment issues require confidentiality.)

☐ **Certificate of Rehabilitation (CRR 2)**

(Petition to restore civil and political rights.)

☐ **Certificate of Restoration Opportunity(CRP 2)**

(Establishes eligibility requirements for certain professional licenses)

☐ **Civil Commitment (sexual predator) (PCC 2)**

(Petition to detain an individual involuntarily.)

☐ **Notice of Deposit of Surplus Funds (DSF 2)**

(Deposit of extra money from a foreclosure after payment of expenses from sale and obligation secured by the deed of trust.)

☐ **Emancipation of Minor (EOM 2)**

(Petition by a minor for a declaration of emancipation.)

☐ **Foreign Subpoena (OSS 2)**

(To subpoena a King County resident or entity for an out of state case.)

☐ **Foreign Protection Order (FPO 2)**

(Registering out of state protection order)

☐ **Frivolous Claim of Lien (FVL 2)**

(Petition or Motion requesting a determination that a lien against a mechanic or materialman is excessive or unwarranted.)

☐ **Application for Health & Safety Inspection (HSI 2)**

☐ Injunction (INJ 2)*

(Complaint/petition to require a person to do or refrain from doing a particular thing.)

☐ Interpleader (IPL 2)

(Petition for the deposit of disputed earnest money from real estate, insurance proceeds, and/or other transaction(s).)

☐ Malicious Harassment (MHA 2)*

(Suit involving damages resulting from malicious harassment.) RCW 9a.36.080

☐ Non-Judicial Filing (NJF 2)

(See probate section for TEDRA agreements. To file for the record document(s) unrelated to any other proceeding and where there will be no judicial review.)

☐ Other Complaint/Petition (MSC 2)*

(Filing a Complaint/Petition for a cause of action not listed)

☐ Minor Work Permit (MWP 2)

(Petition for a child under 14 years of age to be employed)

☐ Perpetuation of Testimony (PPT 2)

(Action filed under CR 27)

☐ Petition to Remove Restricted Covenant (RRC 2)
Declaratory judgment action to strike discriminatory provision of real property contract.

☐ Public records Act (PRA 2)*

(Action filed under RCW 42.56)

☐ Receivership (RCV 2)

(The process of appointment by a court of a receiver to take custody of the property, business, rents and profits of a party to a lawsuit pending a final decision on disbursement or an agreement.)

☐ Relief from Duty to Register (RDR 2)

(Petition seeking to stop the requirement to register.)

☐ Restoration of Firearm Rights (RFR 2)

(Petition seeking restoration of firearms rights under RCW 9.41.040 and 9.41.047.)

☐ School District-Required Action Plan (SDR 2)

(Petition filed requesting court selection of a required action plan proposal relating to school academic performance.)

☐ Seizure of Property from the Commission of a Crime-Seattle (SPC 2)*

(Seizure of personal property which was employed in aiding, abetting, or commission of a crime, from a defendant after conviction.)

☐ Seizure of Property Resulting from a Crime-Seattle (SPR 2)*

(Seizure of tangible or intangible property which is the direct or indirect result of a crime, from a defendant following criminal conviction. (e.g., remuneration for, or contract interest in, a depiction or account of a crime.))

☐ Structured Settlements- Seattle (TSS 2)*

(A financial or insurance arrangement whereby a claimant agrees to resolve a personal injury tort claim by receiving periodic payments on an agreed schedule rather than as a lump sum.)

☐ Vehicle Ownership (PVO 2)*

(Petition to request a judgment awarding ownership of a vehicle.)

**TORT, ASBESTOS**
☐ Personal Injury (ASP 2)*

(Complaint alleging injury resulting from asbestos exposure.)

☐ **Wrongful Death (ASW 2)\***

(Complaint alleging death resulting from asbestos exposure.)

**TORT, MEDICAL MALPRACTICE**

☐ **Hospital  (MED 2)\***

(Complaint involving injury or death resulting from a hospital.)

☐ **Medical Doctor (MED 2)\***

(Complaint involving injury or death resulting from a medical doctor.)

☐ **Other Health care Professional (MED 2)\***

(Complaint involving injury or death resulting from a health care professional other than a medical doctor.)

**TORT, MOTOR VEHICLE**

☐ **Death (TMV 2)\***

(Complaint involving death resulting from an incident involving a motor vehicle.)

☐ **Non-Death Injuries (TMV 2)\***

(Complaint involving non-death injuries resulting from an incident involving a motor vehicle.)

☐ **Property Damages Only (TMV 2)\***

(Complaint involving only property damages resulting from an incident involving a motor vehicle.)

☐ **Victims Vehicle Theft (VVT 2)\***

(Complaint filed by a victim of car theft to recover damages.)  RCW 9A.56.078

**TORT, NON-MOTOR VEHICLE**

☐ **Other Malpractice (MAL 2)\***

(Complaint involving injury resulting from other than professional medical treatment.)

☒ **Personal Injury (PIN 2)\***

(Complaint involving physical injury not resulting from professional medical treatment, and where a motor vehicle is not involved.)

☐ **Products Liability (TTO 2)\***

(Complaint involving injury resulting from a commercial product.)

☐ **Property Damages (PRP 2)\***

(Complaint involving damage to real or personal property excluding motor vehicles.)

☐ **Property Damages-Gang (PRG 2)\***

(Complaint to recover damages to property related to gang activity.)

☐ **Tort, Other (TTO 2)\***

(Any other petition not specified by other codes.)

☐ **Wrongful Death (WDE 2)\***

(Complaint involving death resulting from other than professional medical treatment.)

**WRIT**

☐ **Habeas Corpus (WHC 2)**

(Petition for a writ to bring a party before the court.)

☐ **Mandamus (WRM 2)\*\***

(Petition for writ commanding performance of a particular act or duty.)

☐ **Review (WRV 2)\*\***

(Petition for review of the record or decision of a case pending in the lower court; does not include lower court appeals or administrative law reviews.)

**\*The filing party will be given an appropriate case schedule at time of filing.**
**\*\* Case schedule will be issued after hearing and findings.**

FILED

2022 JUL 25
KING COUNTY
SUPERIOR COURT CLERK

CASE #: 22-2-05510-3 SEA

IN THE SUPERIOR COURT, IN AND FOR THE COUNTY OF KING, STATE OF WASHINGTON

| | |
|---|---|
| **CATHERINE O'KEEFE** | Cause No.:   **22-2-05510-3 SEA** |
| Plaintiff/Petitioner | Hearing Date: |
| vs. | |
| **Holland America Line Inc. A WASHINGTON CORPORATION; ET AL.** | DECLARATION OF SERVICE OF **SUMMONS; COMPLAINT; ORDER SETTING CIVIL CASE SCHEDULE** |
| Defendant/Respondent | |

The undersigned hereby declares: That s(he) is now and at all times herein mentioned was a citizen of the United States, a resident of Washington, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, and is competent to be a witness

On the **20th day of July, 2022** at **1:33 PM** at the address of **711 Capitol Way South STE 204, Olympia, Thurston County, WA 98501**; this declarant served the above described documents upon **Holland America Line NV c/o CT CORPORATION SYSTEM, CT CORPORATION SYSTEM** by then and there personally delivering **1** true and correct copy(ies) thereof, by then presenting to and leaving the same with **CT Corporation System, REGISTERED AGENT, I delivered the documents to CT Corporation System, REGISTERED AGENT with identity confirmed by physical description. The individual accepted service with direct delivery. The individual appeared to be a brown-haired white male contact 35-45 years of age, 6'0"-6'2" tall and weighing 200-240 lbs with a beard.  Jeff Miner.** No information was provided or discovered that indicates that the subjects served are members of the United States military.

Service Fee Total: **$83.50**

Declarant hereby states under penalty of perjury under the laws of the State of Washington that the statement above is true and correct.

Date:   07/20/2022



_____

**Kevin Nakai, Reg. # 17-02, Lewis County, WA**

**ORIGINAL PROOF OF SERVICE**
PAGE 1 OF 1

For: **Mitchell, Wayne PS**
Ref #: **O'Keefe**

Tracking #: **0089989550**



**FILED**
2022 JUL 25
KING COUNTY
SUPERIOR COURT CLERK

CASE #: 22-2-05510-3 SEA

IN THE SUPERIOR COURT, IN AND FOR THE COUNTY OF KING, STATE OF WASHINGTON

| | |
|---|---|
| **CATHERINE O'KEEFE** | Cause No.:   **22-2-05510-3 SEA** |
| Plaintiff/Petitioner | Hearing Date: |
| vs. | |
| **Holland America Line Inc. A WASHINGTON CORPORATION; ET AL.** | DECLARATION OF SERVICE OF **SUMMONS; COMPLAINT; ORDER SETTING CIVIL CASE SCHEDULE** |
| Defendant/Respondent | |

The undersigned hereby declares: That s(he) is now and at all times herein mentioned was a citizen of the United States, a resident of Washington, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, and is competent to be a witness

On the **20th day of July, 2022** at **1:33 PM** at the address of **711 Capitol Way South STE 204, Olympia, Thurston County, WA 98501**; this declarant served the above described documents upon **Holland America Line Inc. c/o CT CORPORATION SYSTEM, REGISTERED AGENT** by then and there personally delivering **1** true and correct copy(ies) thereof, by then presenting to and leaving the same with **CT Corporation System, REGISTERED AGENT, I delivered the documents to CT Corporation System, REGISTERED AGENT with identity confirmed by physical description. The individual accepted service with direct delivery. The individual appeared to be a brown-haired white male contact 35-45 years of age, 6'0"-6'2" tall and weighing 200-240 lbs with a beard.  Jeff Miner.** No information was provided or discovered that indicates that the subjects served are members of the United States military.

Service Fee Total: **$83.50**

Declarant hereby states under penalty of perjury under the laws of the State of Washington that the statement above is true and correct.

Date:   07/20/2022

**Kevin Nakai, Reg. # 17-02, Lewis County, WA**

**ORIGINAL PROOF OF SERVICE**
PAGE 1 OF 1


For: **Mitchell, Wayne PS**
Ref #: **O'Keefe**

Tracking #: **0089989537**


FILED
2022 JUL 25
KING COUNTY
SUPERIOR COURT CLERK

CASE #: 22-2-05510-3 SEA

IN THE SUPERIOR COURT, IN AND FOR THE COUNTY OF KING, STATE OF WASHINGTON

| | |
|---|---|
| **CATHERINE O'KEEFE** | Cause No.:   **22-2-05510-3 SEA** |
| Plaintiff/Petitioner | Hearing Date: |
| vs. | |
| **Holland America Line Inc. A WASHINGTON CORPORATION; ET AL.** | DECLARATION OF SERVICE OF **SUMMONS; COMPLAINT; ORDER SETTING CIVIL CASE SCHEDULE** |
| Defendant/Respondent | |

The undersigned hereby declares: That s(he) is now and at all times herein mentioned was a citizen of the United States, a resident of Washington, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, and is competent to be a witness

On the **20th day of July, 2022** at **1:33 PM** at the address of **711 Capitol Way South STE 204, Olympia, Thurston County, WA 98501**; this declarant served the above described documents upon **HAL Maritime Ltd. c/o CT CORPORATION SYSTEM, REGISTERED AGENT** by then and there personally delivering **1** true and correct copy(ies) thereof, by then presenting to and leaving the same with **CT Corporation System, REGISTERED AGENT, I delivered the documents to CT Corporation System, REGISTERED AGENT with identity confirmed by physical description. The individual accepted service with direct delivery. The individual appeared to be a brown-haired white male contact 35-45 years of age, 6'0"-6'2" tall and weighing 200-240 lbs with a beard.  Jeff Miner.**
No information was provided or discovered that indicates that the subjects served are members of the United States military.

Service Fee Total: **$83.50**

Declarant hereby states under penalty of perjury under the laws of the State of Washington that the statement above is true and correct.

Date:   07/20/2022



_____

**Kevin Nakai, Reg. # 17-02, Lewis County, WA**

**ORIGINAL PROOF OF SERVICE**
PAGE 1 OF 1

For: **Mitchell, Wayne PS**
Ref #: **O'Keefe**

Tracking #: **0089989530**



**FILED**
2022 APR 22
KING COUNTY
SUPERIOR COURT CLERK

CASE #: 22-2-05510-3 SEA

IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

| | |
|---|---|
| CATHERINE O'KEEFE<br><br>    Plaintiff,<br><br>  v.<br><br>HOLLAND AMERICA LINE INC., a<br>Washington Corporation, HAL MARITIME<br>LTD., a Netherland Antilles corporation,<br>HOLLAND AMERICA LINE N.V., a Curacao<br>Corporation, and HAL ANTILLEN N.V., a<br>Curacao Corporation,<br><br>    Defendants. | NO.  22-2-05510-3<br><br>ORDER FOR LIMITED ADMISSION OF<br>MICHAEL GUILFORD PURSUANT TO<br>APR 8(b) (PRO HAC VICE) |

## <u>ORDER</u>

  It is hereby ORDERED that the Applicant for Limited Admission pursuant to APR 8(b)

listed above is admitted to practice as a lawyer in this proceeding.  The Moving Party shall be the

lawyer of record herein, is responsible for the conduct hereof, and shall be present at all proceedings

unless excused by this court.

  Dated _____**APR 2 2 2022**_____.

            _____

          ~~Judge~~

             Annette M. Messitt

SUPERIOR COURT
APR 8(b) ORDER - 1

**Anderson & Mitchell, PLLC**
100 S. King St., Suite 560
Seattle, WA 98104
Phone: (206) 436-8490
Fax: (206) 436-8491

1    Presented by:

2     s/Wayne Mitchell
      _____
3     Wayne Mitchell
      WSBA #24347
4     Attorney for Plaintiff

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

SUPERIOR COURT
APR 8(b) ORDER - 2

**Anderson & Mitchell, PLLC**
100 S. King St., Suite 560
Seattle, WA 98104
Phone: (206) 436-8490
Fax: (206) 436-8491

FILED
2022 APR 15 11:19 AM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 22-2-05510-3 SEA

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR THE COUNTY OF KING**

| | |
|---|---|
| O'Keefe | NO. 22-2-05510-3  SEA |
| Plaintiff(s) | ORDER SETTING CIVIL CASE SCHEDULE |
| vs | |
| | ASSIGNED JUDGE: MESSITT, Dept. 36 |
| ET AL.  HOLLAND  AMERICA  LINE, INC. | |
| | FILED DATE: 04/15/2022 |
| Defendant(s) | TRIAL DATE:04/17/2023 |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

### I.  NOTICES

**NOTICE TO PLAINTIFF:** The Plaintiff may serve a copy of this **Order Setting Case Schedule (*Schedule*)** on the Defendant(s) along with the **Summons and Complaint/Petition.**  Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the **Summons and Complaint/Petition** or (2) service of the Defendant's first response to the **Complaint/Petition**, whether that response is a **Notice of Appearance**, a response, or a Civil Rule 12 (CR 12) motion.  The **Schedule** may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLCR*] -- especially those referred to in this **Schedule**. In order to comply with the **Schedule**, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery cutoff date [*See KCLCR 37(g)*].
        **You are required to give a copy of these documents to all parties in this case.**

**I. NOTICES (continued)**

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD PARTY COMPLAINTS:**
A filing fee of **$240** must be paid when any answer that includes additional claims is filed in an existing case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule.  The court will review the confirmation of joinder document to determine if a hearing is required.  If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of <u>all parties and claims</u> is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

 Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of <u>all parties and claims</u> is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

 **ARBITRATION FILING <u>AND</u> TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and cross-claims have been filed.  If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must pay a $250 arbitration fee**. If a party seeks a trial de novo when an arbitration award is appealed, a fee of $400 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
**All** parties will be assessed a fee authorized by King County Code 4A.630.020 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements <u>and/or</u> Local Civil Rule 41.

**King County Local Rules are available for viewing at <u>www.kingcounty.gov/courts/clerk.</u>**

## II. CASE SCHEDULE

| * | CASE EVENT | EVENT DATE |
|---|---|---|
|  | Case Filed and Schedule Issued. | 04/15/2022 |
| * | Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [*See KCLMAR 2.1(a) and Notices on Page 2*]. **$220 arbitration fee must be paid** | 09/23/2022 |
| * | **DEADLINE** to file Confirmation of Joinder if not subject to Arbitration [*See KCLCR 4.2(a) and Notices on Page 2*]. | 09/23/2022 |
|  | **DEADLINE** for Hearing Motions to Change Case Assignment Area [*KCLCR 82(e)*]. | 10/07/2022 |
|  | **DEADLINE** for Disclosure of Possible Primary Witnesses [*See KCLCR 26(k)*]. | 11/14/2022 |
|  | **DEADLINE** for Disclosure of Possible Additional Witnesses [*See KCLCR 26(k)*]. | 12/27/2022 |
|  | **DEADLINE** for Jury Demand [*See KCLCR 38(b)(2)*]. | 01/09/2023 |
|  | **DEADLINE** for a Change in Trial Date [*See KCLCR 40(e)(2)*]. | 01/09/2023 |
|  | **DEADLINE** for Discovery Cutoff [*See KCLCR 37(g)*]. | 02/27/2023 |
|  | **DEADLINE** for Engaging in Alternative Dispute Resolution [*See KCLCR 16(b)*]. | 03/20/2023 |
|  | **DEADLINE**: Exchange Witness & Exhibit Lists & Documentary Exhibits [*KCLCR 4(j)*]. | 03/27/2023 |
| * | **DEADLINE** to file Joint Confirmation of Trial Readiness [*See KCLCR 16(a)(1)*] | 03/27/2023 |
|  | **DEADLINE** for Hearing Dispositive Pretrial Motions [*See KCLCR 56; CR 56*]. | 04/03/2023 |
| * | Joint Statement of Evidence [*See KCLCR 4 (k)*] | 04/10/2023 |
|  | **DEADLINE** for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file proposed Findings of Fact and Conclusions of Law with the Clerk) | 04/10/2023 |
|  | Trial Date [*See KCLCR 40*]. | 04/17/2023 |

The * indicates a document that must be filed with the Superior Court Clerk's Office by the date shown.

## III. ORDER

Pursuant to King County Local Rule 4 [*KCLCR 4*], IT IS ORDERED that the parties shall comply with the schedule listed above.  Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance.  It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.


DATED:    <u>04/15/2022</u>

_____
PRESIDING JUDGE

3

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE.**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule.  The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:**  If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:**  Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges.  The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**CASE SCHEDULE AND REQUIREMENTS:**  Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**

### A. Joint Confirmation regarding Trial Readiness Report
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g., interpreters, equipment).

The Joint Confirmation Regarding Trial Readiness form is available at www.kingcounty.gov/courts/scforms. If parties wish to request a CR 16 conference, they must contact the assigned court.  Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding the report.

### B. Settlement/Mediation/ADR
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand.  Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held.  FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

### C. Trial
Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court.  The Friday before trial, the parties should access the court's civil standby calendar on the King County Superior Court website www.kingcounty.gov/courts/superiorcourt to confirm the trial judge assignment.

## MOTIONS PROCEDURES

### A. Noting of Motions

**Dispositive Motions:**  All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge.  The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules.  Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part.  The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Non-dispositive Motions:**  These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered.  All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the Note for Motion should state "Without Oral Argument."  Local Civil Rule

3

7 governs these motions, which include discovery motions.  The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge.  All other motions should be noted and heard on the Family Law Motions calendar.  Local Civil Rule 7 and King County Family Law Local Rules govern these procedures.  The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

**Emergency Motions:**   Under the court's local civil rules, emergency motions will usually be allowed only upon entry of an Order Shortening Time.  However, some emergency motions may be brought in the Ex Parte and Probate Department as expressly authorized by local rule.  In addition,  discovery disputes may be addressed by telephone call and without written motion, if the judge approves in advance.

**B.  Original Documents/Working Copies/ Filing of Documents:  All original documents must be filed with the Clerk's Office.**  Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court.  The exceptions to the e-filing requirement are also available on the Clerk's Office website. The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge.  The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom.  Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator.  Working copies can be submitted through the Clerk's office E-Filing application at www.kingcounty.gov/courts/clerk/documents/eWC.

**Service of documents:** Pursuant to Local General Rule 30(b)(4)(B), e-filed documents shall be electronically served through the e-Service feature within the Clerk's eFiling application.  Pre-registration to accept e-service is required.  E-Service generates a record of service document that can be e-filed.  Please see the Clerk's office website at www.kingcounty.gov/courts/clerk/documents/efiling regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion.  **Do not file the original of the proposed order with the Clerk of the Court**.   Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order.  The court may distribute orders electronically.  Review the judge's website for information: www.kingcounty.gov/courts/SuperiorCourt/judges.

**Presentation of Orders for Signature:** All orders must be presented to the assigned judge or to the Ex Parte and Probate Department, in accordance with Local Civil Rules 40 and 40.1. Such orders, if presented to the Ex Parte and Probate Department, shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). If the assigned judge is absent, contact the assigned court for further instructions.  If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

**Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the  Ex Parte and Probate Department.**  Such orders shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department.  **If final order and/or formal proof are entered in the Ex Parte and Probate Department, counsel is responsible for providing the assigned judge with a copy.**

**C. Form**
Pursuant to Local Civil Rule 7(b)(5)(B), the initial motion and opposing memorandum shall not exceed 4,200 words and reply memoranda shall not exceed 1,750 words without authorization of the court. The word count

includes all portions of the document, including headings and footnotes, except 1) the caption; 2) table of contents and/or authorities, if any; and 3): the signature block. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

***IT IS SO ORDERED.  FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS.  PLAINTIFF/PEITITONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.***

_____
PRESIDING JUDGE

FILED
2022 APR 18 12:45 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 22-2-05510-3 SEA

IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

CATHERINE O'KEEFE

        Plaintiff,

        v.

HOLLAND AMERICA LINE INC., a
Washington Corporation, HAL MARITIME
LTD., a Netherland Antilles corporation,
HOLLAND AMERICA LINE N.V., a Curacao
Corporation, and HAL ANTILLEN N.V., a
Curacao Corporation,

        Defendants.

NO. 22-2-05510-3

MOTION FOR ADMISSION *PRO HAC VICE* OF COUNSEL MICHAEL GUILFORD

## RELIEF REQUESTED

The Moving Party named below moves the court for the limited admission of the Applicant for Limited Admission named below for the purpose of appearing as a lawyer in this proceeding.

**Identity of Moving Party** (Washington State Bar Association Member):

Name: Wayne Mitchell      WSBA No. 24347

Address:     100 S. King St., Suite 560

          Seattle, WA 98104

Telephone No. 206-436-8490 Email: wayne@andersonmitchell.com

**Identity of Applicant for Limited Admission:**

SUPERIOR COURT
APR 8(b) MOTION - 1

**Anderson & Mitchell, PLLC**
100 S. King St., Suite 560
Seattle, WA 98104
Phone: (206) 436-8490
Fax: (206) 436-8491

Name: Michael Guilford        Bar No. 516066 (FL)

Jurisdiction of Primary Practice: Florida

Address:        5800 SW 108th St.

                Pinecrest, Florida 33156

Telephone No. 305-539-1999        Email: mfguilford@crewcounsel.com

## STATEMENT OF THE FACTS

Michael Guilford is co-counsel for Catherine O'Keefe in Jones Act, unseaworthiness and maintenance and cure claims.

## STATEMENT OF THE ISSUE

The following issue is presented for resolution by the court:

Should the Applicant for Limited Admission named above be granted limited admission to the practice of law pursuant to APR 8(b) for the purpose of appearing as a lawyer in this proceeding?

## EVIDENCE RELIED UPON

This motion is based on the accompanying certifications of the Moving Party and the Applicant for Limited Admission.

## LEGAL AUTHORITY

This motion is made pursuant to Rule 8(b) of the Admission to Practice Rules (APR).

## PROPOSED ORDER

A proposed order granting the relief requested accompanies this motion.

Anderson & Mitchell, PLLC
100 S. King St., Suite 560
Seattle, WA 98104
Phone: (206) 436-8490
Fax: (206) 436-8491

RESPECTFULLY SUBMITTED this _18th_ day of April, 2022.

Wayne Mitchell, WSBA No. 24347
Moving Party

### CERTIFICATION OF APPLICANT FOR LIMITED ADMISSION

I hereby certify under penalty of perjury under the laws of the State of Washington that:

1.  I am a member in good standing of the bar of the state or territory of the United States or of the District of Columbia listed above as my jurisdiction of primary practice.

2.  I am a resident of and maintain a law practice in that jurisdiction of primary practice.

3.  I have read the Rules of Professional Conduct adopted by the Supreme Court of the State of Washington and agree to abide by them.

4.  I have complied with all of the requirements of APR 8(b).

5.  I have read the foregoing motion and certification and the statements contained in it are full, true and correct.

Signed on _____ April 18, 2022_ at _Pinecrest, FL_____.

Applicant for Limited Admission

### CERTIFICATION OF MOVING PARTY/WSBA MEMBER

I hereby certify under penalty of perjury under the laws of the State of Washington that:

1.  I am an active member in good standing of the Washington State Bar Association.

2.  I will be the lawyer of record in this proceeding, responsible for the conduct of the applicant, and present at proceedings in this matter unless excused by the court.

3.  I have submitted a copy of this motion together with the required fee of $478.00 to the

SUPERIOR COURT
APR 8(b) MOTION - 3

**Anderson & Mitchell, PLLC**
100 S. King St., Suite 560
Seattle, WA 98104
Phone: (206) 436-8490
Fax: (206) 436-8491

Washington State Bar Association, 1325 4th Ave., Ste. 600, Seattle, WA 98101-2539.

    4.  I have complied with all of the requirements of APR 8(b).

    5.  I have read the foregoing motion and certification and the statements contained in it are full, true and correct.

    Signed on <u>April 18, 2022</u> at <u>Lynnwood, Washington</u>.

_____
Moving Party

**Anderson & Mitchell, PLLC**
100 S. King St., Suite 560
Seattle, WA 98104
Phone: (206) 436-8490
Fax: (206) 436-8491

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

CATHERINE O'KEEFE

        Plaintiff,

    v.

HOLLAND AMERICA LINE INC., a
Washington Corporation, HAL MARITIME
LTD., a Netherland Antilles corporation,
HOLLAND AMERICA LINE N.V., a Curacao
Corporation, and HAL ANTILLEN N.V., a
Curacao Corporation,

        Defendants.

NO.  22-2-05510-3

ORDER FOR LIMITED ADMISSION OF
MICHAEL GUILFORD PURSUANT TO
APR 8(b) (PRO HAC VICE)

## **ORDER**

It is hereby ORDERED that the Applicant for Limited Admission pursuant to APR 8(b)
listed above is admitted to practice as a lawyer in this proceeding.  The Moving Party shall be the
lawyer of record herein, is responsible for the conduct hereof, and shall be present at all proceedings
unless excused by this court.

    Dated _____.

_____
Judge/Commissioner/Clerk

SUPERIOR COURT
APR 8(b) ORDER - 1

**Anderson & Mitchell, PLLC**
100 S. King St., Suite 560
Seattle, WA 98104
Phone: (206) 436-8490
Fax: (206) 436-8491

1

Presented by:

2

  s/Wayne Mitchell

3

Wayne Mitchell
WSBA #24347

4

Attorney for Plaintiff

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**Anderson & Mitchell, PLLC**
100 S. King St., Suite 560
Seattle, WA 98104
Phone: (206) 436-8490
Fax: (206) 436-8491