UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CATHERINE O'KEEFE,<br><br>                Plaintiff,<br>   v.<br><br>HOLLAND AMERICA LINE INC., et al.,<br><br>                Defendants. | CASE NO. 2:22-cv-01111-LK<br><br>ORDER DENYING SURREPLY MOTION TO STRIKE AND GRANTING LEAVE TO FILE SUPPLEMENTAL BRIEF |

Before the Court is Plaintiff Catherine O'Keefe's motion to strike certain materials that Defendants Holland America Line Inc., HAL Maritime Ltd., Holland America Line N.V., and HAL Antillen N.V.'s (collectively, "HAL") filed with their reply in support of their motion to compel arbitration and to dismiss this case. Dkt. No. 37. The Court has considered O'Keefe's motion, the remainder of the record, and the governing law. Being fully advised, the Court denies O'Keefe's motion to strike. However, it provides her an opportunity to respond to the subject materials.

O'Keefe asks the Court to strike a Seagoing Employment Agreement that she signed on January 13, 2014; the terms and conditions that apply to that agreement; and all argument in HAL's

ORDER DENYING SURREPLY MOTION TO STRIKE AND GRANTING LEAVE TO FILE SUPPLEMENTAL BRIEF - 1

1    reply relating to the agreement and terms. Dkt. No. 37 at 3; *see also* Dkt. No. 34-1 at 2; Dkt. No.
2    34-2 (January 13, 2014 agreement); Dkt. No. 34-3 (terms and conditions); Dkt. No. 34 at 6–7
3    (discussing the January 13, 2014 agreement). She argues that these documents and arguments
4    should be stricken because (1) they constitute new evidence improperly submitted with HAL's
5    reply, and (2) HAL had repeatedly asserted, in response to multiple requests by O'Keefe's
6    attorneys, that it did not possess the January 13, 2014 agreement. Dkt. No. 37 at 3; Dkt. No. 38 at
7    1–5 (discussing O'Keefe's efforts to obtain a copy of the January 13, 2014 agreement). In its
8    response to O'Keefe's motion to remand, HAL's attorney explains that he did not obtain a copy
9    of the January 13, 2014 agreement until November 30, 2022—just days before HAL's reply in
10   support of its motion to compel was due. Dkt. No. 39 at 3–4, n.1; Dkt. No. 39-1 at 3.

11       In general, new arguments and evidence presented for the first time in a party's reply are
12   waived. *See, e.g.*, *Docusign, Inc. v. Sertifi, Inc.*, 468 F. Supp. 2d 1305, 1307 (W.D. Wash. 2006)
13   (citing *United States v. Patterson*, 230 F.3d 1168, 1172 (9th Cir. 2000)). In addition, courts have
14   discretion to strike late-disclosed evidence under Federal Rule of Civil Procedure 37(c)(1). Fed.
15   R. Civ. P. 37(c)(1). A court may, however, remedy a late disclosure by allowing supplemental
16   briefing. *See Harris v. City of Kent*, No. C20-1045RSM-TLF, 2022 WL 1310080, at *5 (W.D.
17   Wash. Mar. 11, 2022) ("When new evidence is presented in a reply brief, the court should not
18   consider the new evidence without giving the non-movant a chance to respond." (citing *Provenz*
19   *v. Miller*, 102 F.3d 1478, 1487 (9th Cir. 1996))).

20       Here, both parties have discussed the January 13, 2014 agreement in depth in their filings
21   regarding HAL's motion to compel and O'Keefe's motion to remand. *See* Dkt. No. 31 at 2–9; Dkt.
22   No. 34 at 3–4; Dkt. No. 39 at 3–4; Dkt. No. 40 at 1–5. Because the existence and validity of the
23   January 13, 2014 agreement appears to be central to both parties' arguments, the Court DENIES
24   O'Keefe's motion to strike it. Instead, to avoid prejudice to O'Keefe, the Court GRANTS O'Keefe

ORDER DENYING SURREPLY MOTION TO STRIKE AND GRANTING LEAVE TO FILE SUPPLEMENTAL
BRIEF - 2

1 leave to file a supplemental brief that addresses the validity of the January 13, 2014 agreement and its significance to the questions of removability and arbitrability at issue in this case. Her brief shall be limited to 2,100 words in length and be filed by no later than **May 5, 2023**.

Finally, the Court cautions HAL that it demands a high degree of professionalism from the lawyers practicing before it and expects that HAL will make every effort to fulfill its disclosure obligations under applicable law going forward.

Dated this 24th day of April, 2023.

Lauren King
United States District Judge

ORDER DENYING SURREPLY MOTION TO STRIKE AND GRANTING LEAVE TO FILE SUPPLEMENTAL BRIEF - 3